UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------X
JOHNNY WILLIAMS, JR.,          :
                               :
            Plaintiff,         :           Civil Action No.
                               :           3:02-CV-2043 (MRK)
      v.                       :
                               :
COMCAST CABLEVISION            :
OF NEW HAVEN, INC.,            :
                               :
            Defendant.         :
                               :
------------------------------------------------------X           DATE: MARCH 8, 2004

## MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff objects to Defendant's Motion for Summary Judgment because there are genuine issue of material facts in dispute and Defendant is not entitled to judgment as a matter of law.

The issues are: (1) The existence of an individual employment contract. (2) Whether Plaintiff's short term disability was extended. (3) Whether Defendant knew or should have known that Plaintiff's short term disability was extended by the plan administrator, Kemper. (4) Whether Defendant breached the contract between Plaintiff and Defendant (5) Whether Plaintiff was retaliated against as defined by Conn. Gen. Stat. Sec. 46a-60(a). (6) Whether Defendant negligently misrepresented the terms and conditions of Plaintiff's employment contract. (7) Whether Defendant negligently inflicted emotional distress on Plaintiff. (8) Whether Defendant intentionally inflicted emotional distress on Plaintiff (9) Whether Defendant breached the implied covenant of good faith & fair dealing.

## **FACTS**

1. A civil action was brought against defendant in the Connecticut Superior Court for the Judicial District of New Haven.

2. The process was duly served and defendant timely moved for removal.

3. The complaint set out in 7 count, based upon state law, plaintiff's claim for relief. Count One – Breach of Express Contract, Count Two – Breach of implied contract, Count Three – Retaliation for Exercising Rights [Conn. Gen. Stat. Sec. 46a-60(a)], Count Four – Negligent misrepresentation, Count Five – Negligent infliction of Emotional Distress, Count Six – Intentional Infliction of Emotional Distress, Count Seven – Breach of the Implied Covenant of Good Faith & Fair Dealing.

4. None of the above mentioned counts invoked or mentioned any federal cause of action or federal law.

5. The issue at hand does not turn on the interpretation of the collective bargaining agreement but on the provisions contained in the Manual.

6. Plaintiff's claim involves his individual employment contract where some elements of the collective bargaining agreement incidentally became part of his

employment contract(since Defendant's was a closed shop) but that was one of the many parts making up his individual employment contract.

7. Plaintiff pleaded sufficient facts to establish all the elements of his action in said action.

8. Plaintiff was employed by Comcast and its predecessor, from 1990 until July 21, 2000.

9. On July 3, 2000, Plaintiff underwent vasectomy surgery and expected to return to work on 8-1-2000. The parties disagree on the dated Plaintiff was expected to return to work. From July 12 through August 1, 2000 Plaintiff should have been but was not approved for short term disability, in violation of the Manual. The parties disagree.

10. The Plaintiff filed a verbal grievance, and contacted his Union representative, Joseph Albright.

11. We disagree Defendant's contention that Plaintiff's employment was governed by a collective bargaining agreement. Plaintiff's employment was governed by his individual employment contract

12. We disagree with Defendant's contention that Plaintiff was "familiar" with the National Labor Relations Board. The record does not support that contention.

## **DISCUSSION**

I.

First Defendant asserts that Plaintiff's claims are either preempted by the National Labor Relations Act because they are within the exclusive jurisdiction of the National Labor Relations Board, or by § 301 of the Labor Management Relations Act because they require interpretation of the Union Contract.

1.

The National Labor relations Act is not applicable in the present case. None of the above mentioned counts invoked or mentioned any federal cause of action or federal law. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392; 107 S. Ct. 2425; 96 L. Ed. 2d 318 (1987) "A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto…and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Gully v. First National Bank, 299 U.S. 109, 113; 57 S. Ct. 96; 81 L. Ed. 70 (1936) "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809, n 6; 92 L. ed. 2d 650, 106 S. Ct. 3229 (1986) "[A] case may *not* be removed to federal court on

the basis of... the defense of pre-emption..." Caterpillar, at 393. "To be sure, pre-emption requires a state court to *dismiss* a particular claim that is filed under state law, but it does not...provide grounds for *removal*." Beneficial National Bank v. Anderson, 593 U.S. 1, 21; 123 S. Ct. 2058; 156 L. Ed. 2d 1 (2003) (J. Scalia dissenting)

The Court of appeals for the Second Circuit held that where the plaintiff has the option of asserting a claim under either federal or state law, and the complaint does not manifestly state whether the plaintiff intends to rely on state or federal law, the plaintiff's intentions are relevant in determining whether remand to state court is warranted. Vitarroz Corp. v. Bordern, Inc., 644 F2d 960, 964 (2d Cir. 1981)

"Whether... [a]... preemption contention is correct should be decided as a matter of defense in the State courts in the first instance, see Application of State of New York, 362 F. Supp. 922, 928 (S.D.N.Y. 1973); Beacon Moving and Storage, Inc. v. Local 814, IBT, 362 F. Supp. 442, 445 (S.D.N.Y. 1972); City of Galveston v. International Organization of Masters, Mates & Pilots, 338 F. Supp. 907, 909 (S.D. Tex. 1972), with ultimate recourse to the Supreme Court. State courts are obliged under the Supremacy Clause to follow federal law where applicable and there is no reason to believe that they are unwilling or incapable of so doing, see, e.g. Pennsylvania v. Nelson, 377 Pa 58, 104 A.2d 133 (1954), aff'd, 350 U.S. 497; 100 L. Ed. 640; 76 S. Ct. 477 (1956); State ex rel. Rogers v. Kirtley, 372 S.W.2d 86 (Sup. Ct. Mo. 1963); John Hancock Mutual Life Insurance Co. v. Commissioner of Insurance, 349 Mass. 390, 208 N.E.2d 516 (1965). See also De Canas v. Bica, 40 Cal. App. 3rd 976; 115 Cal. Rptr. 444 (2d Dist. 1974), rev'd, 424 U.S. 351; 47 L. Ed. 2d 43, 96 S. Ct. 933 (1976)." State of New York v. Local

1115, 412 F. Supp. 720, 724 (E.D.N.Y. 1976). "State courts retain jurisdiction in labor matters, even if federal law is to be applied." State of New York v. Local 1115, at 724. "[There is] no particular advantage in entrusting to the federal judiciary the determination of whether a state statute is pre-empted by federal law. The New York State Courts are fully competent to decide whether ... the New York State Labor Law is pre-empted by federal labor laws. Sarnelli v. Tickle, 556 F. Supp. 557, 562 (E.D.N.Y. 1983) "It cannot be argued that remand is inappropriate because a state court's finding of pre-emption would deprive that forum subject matter jurisdiction. The argument is simply incorrect in the labor context, because the Supreme Court has held that state courts retain concurrent jurisdiction over labor issues, even if federal law supplies the decisional basis. Charles Dowd Box Co. v. Courtney, 368 U.S. 502; 7 L. Ed. 2d 483; 82 S. Ct. 519 (1962)." Sarnelli, at 562, n8.

Consequently if the court finds that the NLRA is applicable it must remand the case to the state court because the removal was improper in the first place and the court *never* acquired subject matter jurisdiction. Personal jurisdiction over the parties does not suffice the court to render decision on the merits.

The Defendant relies on Local 926. I believe the dissent by J. Rehnquist shows the fallacy and unprincipled nature of that decision. By the way the passage cited by Defendant is pure dicta unsupported by precedence and sound judgment.

2.
    Section 301 of the LMRA (28 U.S.C. § 185) provides:

§ 185. Suits by and against labor organizations

> (a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Section 301 does not apply to individual employment contracts. "Section 301 says nothing about the content or validity of individual employment contracts. It is true that respondents, bargaining unit members at the time of the plant closing, possessed substantial rights under the collective bargaining agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so." Caterpillar, at 394-395. "Section 301 does not... require that all 'employment related matters involving unionized employees' be resolved through collective bargaining and thus be governed by a federal common law created by § 301.... The Court has stated that 'not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law.' Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Claims bearing no relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." Caterpillar, at 397, n 10. "[The Court was] clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require

the claim to be extinguished" Livadas v. Bradshaw, 512 U.S. 107, 124; 114 S. Ct. 2068; 129 L. Ed. 2d 93 (1994). "§ 301 does not disable state courts from interpreting the terms of collective bargaining agreements" Livadas, at 124, citing Charles Dowd Box Co. v. Courtney, 368 U.S. 502; 7 L. Ed. 2d 483; 82 S. Ct. 519 (1962).

Therefore there are genuine issues of material facts exist, whether the meaning of contract terms is not the subject of dispute. See Livadas at 124. If the court finds that the contract terms are not in dispute then § 301 does not apply, hence the removal on account of § 301 was improper, depriving this court subject matter jurisdiction.

## CONCLUSION

Based upon the foregoing the Plaintiff prays the court to deny Defendant's Motion for Summary Judgment

PLAINTIFF –JOHNNY WILLIAMS, JR.

By _____

Alexander Bardocz, ct16940
Fine, Olin & Anderman, LLP
Attorneys for Plaintiff
336 State St., 2nd Floor
North Haven, CT. 06437
Tel. (203) 287-8081
Fax (203) 287-5416
abardocz@foalaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, first class, postage prepaid on the 9th day of March, 2004, to:

MICHAEL C. HARRINGTON, Esq.
Attorney for Defendant
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

_____
Alexander Bardocz