UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------X

JOHNNY WILLIAMS, JR.,

        Plaintiff,

   v.

COMCAST CABLEVISION
OF NEW HAVEN, INC.,

        Defendant.

-----------------------------------------------------X

FILED
MAR 9  3 48 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**Civil Action No.
3:02-CV-2043 (MRK)**

DATE: MARCH 8, 2004

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

The defendant asserted two grounds for removal. The first one was that the court has original jurisdiction pursuant to 28 U.S.C. § 1331, because the complaint allegedly raised issues under the National Labor Relations Act and the Labor Management Relations Act.

The second ground advanced by defendant was that there is diversity between the parties.

The plaintiff disagrees with both assertions for the following reasons:

### FACTS

1.    A civil action was brought against defendant in the Connecticut Superior Court for the Judicial District of New Haven.

2. The process was duly served and defendant timely moved for removal.

3. The complaint set out in 7 count, based upon state law, plaintiff's claim for relief. Count One – Breach of Express Contract, Count Two – Breach of implied contract, Count Three – Retaliation for Exercising Rights [Conn. Gen. Stat. Sec. 46a-60(a)], Count Four – Negligent misrepresentation, Count Five – Negligent infliction of Emotional Distress, Count Six – Intentional Infliction of Emotional Distress, Count Seven – Breach of the Implied Covenant of Good Faith & Fair Dealing.

4. None of the above mentioned counts invoked or mentioned any federal cause of action or federal law.

5. The complaint identified defendant as Comcast Cablevision of New Haven, Inc., a company duly organized and operating as a Connecticut corporation under the laws of the State of Connecticut.

6. In its notice of removal the defendant, in order to gain diversity, falsely claimed that it is incorporated in Pennsylvania and it is a citizen of Pennsylvania.

7. In its notice of removal defendant stated, without any ground, obviously wanting to satisfy the threshold requirement, that the amount of controversy exceeds $75,000, exclusive of interests and costs.

## DISCUSSION

I.

Let us take first the claim for jurisdiction based on diversity of citizenship. "If the jurisdiction of the District Court must rest on diversity of citizenship, it fails because one of the plaintiffs is a citizen of the same state as the defendant." Mitchell v. Maurer et al., 293 U. S. 237, 242; 55 S. Ct. 162; 79 L. Ed. 338 (1934), citing Hooe v. Jamieson, 166 U.S. 395. In the instant case the defendant is a Connecticut corporation, incorporated in Connecticut and duly registered with the Secretary of State as such. Moreover the defendant entered into a franchise agreement with the Connecticut Department of Public Utility Control, Docket No. 99-11-30, and defendant's address listed as 630 Chapel Street, New Haven, CT 06511. Therefore plaintiff claims that defendant is a citizen of the State of Connecticut and there is no basis to claim diversity based upon citizenship.

II.

1.

In its notice of removal (6.) defendant claims that "Plaintiff's Complaint raises federal questions under the National Labor Relations Act and the Labor Management

Relations Act. Therefore this Court has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331."

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Art. III. § 1; 28 U.S.C. § 1331 Congress has provided in § 1441 that the federal district courts may assume jurisdiction over an action commenced in state court if, that action could have been commenced by the plaintiff in federal court under the court's original jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the United States". "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant...The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392; 107 S. Ct. 2425; 96 L. Ed. 2d 318 (1987) "A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto...and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Gully v. First National Bank, 299 U.S. 109, 113; 57 S. Ct. 96; 81 L. Ed. 70 (1936) "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809, n 6; 92 L. ed. 2d 650, 106 S. Ct. 3229 (1986) "[A] case may *not* be removed to federal

court on the basis of... the defense of pre-emption..." Caterpillar, at 393. "To be sure, pre-emption requires a state court to *dismiss* a particular claim that is filed under state law, but it does not...provide grounds for *removal*." Beneficial National Bank v. Anderson, 593 U.S. 1, 21; 123 S. Ct. 2058; 156 L. Ed. 2d 1 (2003) (J. Scalia dissenting)

> Section 301 of the LMRA (28 U.S.C. § 185) provides:
>
> § 185. Suits by and against labor organizations
>
> (a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Section 301 does not apply to individual employment contracts. "Section 301 says nothing about the content or validity of individual employment contracts. It is true that respondents, bargaining unit members at the time of the plant closing, possessed substantial rights under the collective bargaining agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so." Caterpillar, at 394-395. "Section 301 does not... require that all 'employment related matters involving unionized employees' be resolved through collective bargaining and thus be governed by a federal common law created by § 301.... The Court has stated that 'not

every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law.' Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Claims bearing no relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." Caterpillar, at 397, n 10. "[The Court was] clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished" Livadas v. Bradshaw, 512 U.S. 107, 124; 114 S. Ct. 2068; 129 L. Ed. 2d 93 (1994). "§ 301 does not disable state courts from interpreting the terms of collective bargaining agreements" Livadas, at 124, citing Charles Dowd Box Co. v. Courtney, 368 U.S. 502; 7 L. Ed. 2d 483; 82 S. Ct. 519 (1962).

2.

Defendant also asserts in its notice of removal (6.) that the complaint raises federal questions under the National Labor Relations Act. Defendant's contention is misplaced. "Whether... [a]... preemption contention is correct should be decided as a matter of defense in the State courts in the first instance, see Application of State of New York, 362 F. Supp. 922, 928 (S.D.N.Y. 1973); Beacon Moving and Storage, Inc. v. Local 814, IBT, 362 F. Supp. 442, 445 (S.D.N.Y. 1972); City of Galveston v. International Organization of Masters, Mates & Pilots, 338 F. Supp. 907, 909 (S.D. Tex. 1972), with ultimate recourse to the Supreme Court. State courts are obliged under the

Supremacy Clause to follow federal law where applicable and there is no reason to believe that they are unwilling or incapable of so doing, see, e.g. <u>Pennsylvania v. Nelson</u>, 377 Pa 58, 104 A.2d 133 (1954), aff'd, 350 U.S. 497; 100 L. Ed. 640; 76 S. Ct. 477 (1956); <u>State ex rel. Rogers v. Kirtley</u>, 372 S.W.2d 86 (Sup. Ct. Mo. 1963); <u>John Hancock Mutual Life Insurance Co. v. Commissioner of Insurance</u>, 349 Mass. 390, 208 N.E.2d 516 (1965). See also <u>De Canas v. Bica</u>, 40 Cal. App. 3rd 976; 115 Cal. Rptr. 444 (2d Dist. 1974), rev'd, 424 U.S. 351; 47 L. Ed. 2d 43, 96 S. Ct. 933 (1976)." <u>State of New York v. Local 1115</u>, 412 F. Supp. 720, 724 (E.D.N.Y. 1976). "State courts retain jurisdiction in labor matters, even if federal law is to be applied." <u>State of New York v. Local 1115</u>, at 724.

Defendant in its Memorandum for Motion for Summary Judgment advances the idea that the NLRA provides for the exclusive jurisdiction of the National Labor Relations Board. Our position is that the NLRA is not applicable to our case and that the state court has to make a determination on pre-emption. In either case the court ought to order a remand. If our position is correct the removal was inappropriate and if defendant's position is correct then the removal was also inappropriate because the district court did not have jurisdiction in the first place. The inescapable conclusion is that the removal on account of the NLRA was improper.

CONCLUSION

Based upon the foregoing the plaintiff prays the court to find that the removal was inappropriate and to remand the case or in the alternative parts of it to the state court.

PLAINTIFF –JOHNNY WILLIAMS, JR.

By _____

Alexander Bardocz, ct16940
Fine, Olin & Anderman, LLP
Attorneys for Plaintiff
336 State St., 2nd Floor
North Haven, CT. 06437
Tel. (203) 287-8081
Fax (203) 287-5416
abardocz@foalaw.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed, first class, postage prepaid on the 9th day of March, 2004, to:

MICHAEL C. HARRINGTON, Esq.
Attorney for Defendant
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

_____
Alexander Bardocz