UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHNNY WILLIAMS, JR., : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:02-CV2043 (MRK) |
| v. : | |
| : | |
| COMCAST CABLEVISION : | |
| OF NEW HAVEN, INC., : | |
| : | |
| Defendant. : | APRIL 5, 2004 |

DEFENDANT COMCAST CABLEVISION
NEW HAVEN, INC.'S MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule of Civil Procedure 7(d), Defendant Comcast Cablevision of New Haven, Inc. ("Comcast") hereby submits this Memorandum of Law in response to Plaintiff Johnny Williams' Objection to Comcast's Motion for Summary Judgment. As previously set forth in Comcast's Motion for Summary Judgment, there are no genuine issues of material fact in this case, and, because the case should be decided as a matter of law in favor of Comcast, summary judgment should be granted.

I.    Plaintiff's Statement of Facts Does Not Comport with the Rules of Civil Procedure.

Plaintiff has not complied with Federal Rule of Civil Procedure 56(e) and Local Rule of Civil Procedure 56(a)(3), which expressly require Plaintiff, to the extent he disputes Comcast's Statement of Undisputed Facts, to provide specific citation to the "affidavit of a

witness competent to testify as to the facts at trial" and/or "evidence that would be admissible at trial." Plaintiff's Statement of Facts wholly fails to provide such citations. Likewise, the "Facts" portion of Plaintiff's accompanying memorandum is devoid of <u>any</u> support for the "facts" alleged therein. Accordingly, as provided in Rule 56 and Local Rule 56(a)(3), this Court should grant Comcast's Motion for Summary Judgment.

II.    <u>Comcast is Entitled to Summary Judgment On All Counts of Plaintiff's Complaint.</u>

To avoid summary judgment, Plaintiff must offer evidence from which a reasonable juror could return a verdict in his favor. <u>Reeves v. Johnson Controls World Servs., Inc.</u>, 140 F.3d 144, 149 (2d Cir. 1998). In this case, Plaintiff has failed to offer <u>any</u> evidence to support his claims. In his memorandum to this Court, Plaintiff has not responded to <u>any</u> of the legal or factual arguments presented by Comcast. Rather, despite his allegations in the Complaint, and despite his deposition testimony, Plaintiff argues that none of his claims raise federal questions and that this Court is without subject matter jurisdiction. This argument is completely baseless and should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

    A.    <u>Section 301 of the Labor Management Relations Act Provides This Court With Original Jurisdiction.</u>

In his Complaint, Plaintiff alleges that, as a member of the Union, he and Comcast were "bound by the policies contained in [a Collective Bargaining] Agreement." (Complaint, ¶¶ 6, 15, 18). Plaintiff alleges that the Union was "the exclusive representative

for purposes of collective bargaining with respect to rates of pay, hours of employment and other conditions of employment for [Comcast] employees" and that the [Collective Bargaining] Agreement formed an "express contract." (Complaint, ¶¶ 18, 20). Indeed, with respect to bargaining unit employees, which included Plaintiff, the Collective Bargaining Agreement governed the terms and conditions of their employment exclusively:

> [T]his instrument contains the full and complete Agreement between the Company and the Union on all bargainable issues, and neither party shall be required during the term of this Agreement to negotiate or bargain upon any issue whether it is covered or not covered in this Agreement. There are no other such agreements written or unwritten between the parties.

(Collective Bargaining Agreement, Art. 45, attached to Comcast's December 10, 2004 Memorandum of Law at Tab E).

In Count One, Plaintiff claims that Comcast expressly breached the Collective Bargaining Agreement. (Complaint, ¶¶ 21, 22, 23, 24, 42). Plaintiff also alleged that Comcast expressly breached provisions of the Employee Manual, which was incorporated by reference in the Collective Bargaining Agreement, as it explained in greater detail certain terms and conditions of employment for bargaining unit employees that were agreed to in the Collective Bargaining Agreement. (Complaint, ¶¶ 25, 28, 29, 42). Among other benefits, the Collective Bargaining Agreement provided for short term disability benefits, which was further detailed in the Employee Manual. (Collective Bargaining Agreement, Art. 29, attached to Comcast's December 10, 2004 Memorandum of Law at Tab E).

Based upon various provisions of the Collective Bargaining Agreement, Plaintiff alleges breach of express contract (Count One), breach of an implied contract (Count Two), negligent misrepresentation (Count Four), negligent infliction of emotional distress (Court Five), intentional infliction of emotional distress (Count Six), and breach of the implied covenant of good faith and fair dealing (Count Seven). Therefore, Counts 1, 2, 4, 5, 6 and 7 all relate to Plaintiff's Collective Bargaining Agreement, and require this Court to interpret the Collective Bargaining Agreement to determine the merits of his claims.

Section 301 expressly grants the federal District Courts jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees . . ." 29 U.S.C. § 185(a). As interpreted by the Supreme Court, "Section 301 [of the Labor Management Relations Act] governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on an analysis of a collective bargaining agreement." (internal citations and quotation marks omitted). Caterpillar, Inc. v. Williams, 482 U.S. 386, 395 (1987). Therefore, because Counts 1, 2, 4 and 7 each depend upon an analysis of the Collective Bargaining Agreement, § 301 applies and provides this Court with original jurisdiction.

In his memorandum Plaintiff relies upon Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985) and Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987) to claim the Court does not have jurisdiction. However, neither of these cases supports the Plaintiff's argument, but rather supports Comcast's Motion.

4

At issue in Allis-Chalmers was Wisconsin's common-law tort for the bad-faith handling of an insurance claim, which had been applied to the handling of a claim under a disability plan that was included in a collective bargaining agreement. The Supreme Court held that the state tort claim was preempted by § 301 of the Labor Management Relations Act. In reaching its decision, the Court held:

> If the policies that animate § 301 are to be given their proper range, however, the pre-emptive effect of § 301 must extend beyond suits alleging contract violations. . . . Thus, questions related to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of the agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortuous breach of contract.

Id. at 211. The Court went on to hold that the duty to act in good faith under a contract ultimately depends upon the terms of the collective bargaining agreement and was thus inextricably intertwined with the interpretation of the agreement, which must be left to federal law. Id. at 216.

Two years later, the Supreme Court again addressed the scope of § 301. In Caterpillar, two supervisors, who were initially outside of the union bargaining unit and not subject to a collective bargaining agreement, were allegedly promised by Caterpillar that "they could look forward to indefinite and lasting employment with the corporation and that they could count on the corporation to take care of them." Id. at 388. Later, the supervisors were demoted from managerial positions to positions in the bargaining unit. Id.

5

at 389.  The plaintiffs alleged that at the time they were demoted the company told them that the downgrades were temporary.  Id.  After being dismissed, the plaintiffs sued in state court alleging breach of individual employment contracts.  Id.  The Company then removed the action to federal court.

In addressing whether the case was properly removed, the Supreme Court discussed the complete pre-emption corollary to the well-pleaded complaint rule, and stated that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based upon the pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  Id. at 393.  The Court went on to state:

> The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the [Labor Management Relations Act]. . . . when the heart of the state law complaint is a clause in the collective barraging agreement that complaint arises under federal law.

Id. at 393-94.  In Caterpillar, because the contract upon which the plaintiffs' claims rested was not a collective bargaining agreement, their state law common-law contract claims were not pre-empted, and removal was not proper.  Id. at 396-397, 399.

Similar to the facts in Allis-Chalmers, and in contrast to the facts in Caterpillar, Plaintiff's claims in this case for breach of express contract, breach of implied contract, negligent misrepresentation, negligent and intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing all require interpretation of the

Collective Bargaining Agreement. Consequently, Plaintiff's claims arise under federal law and provides this Court with jurisdiction.

In an attempt to avoid a federal question, for the first time, Plaintiff alleges that he had an "individual employment contract" with Comcast. Such an assertion is directly contradicted by the allegations in Plaintiff's complaint and by the evidence in the case. Moreover, Plaintiff never testified to such a contract at his deposition. This assertion is completely baseless. Despite Plaintiff's claim, Plaintiff's employment was exclusively governed by the Collective Bargaining Agreement. Because Plaintiff's argument ignores his own allegations, and because the very cases he cites to this Court do not support his argument, sanctions should be issued.

For the reasons set forth in Comcast's prior memorandum, summary judgment should enter on Counts 1, 2, 3, 4, 5, 6, and 7.

B.   The National Labor Relations Act Provides This Court With Jurisdiction.

Count Three of Plaintiff's Complaint alleges a claim of retaliation. In this case, Plaintiff did not engage in any protected activity within the scope of Connecticut's Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 et seq. Rather, in Paragraph 39 of the Complaint Plaintiff alleges that he was discharged "because of his Union activity." Furthermore, at his deposition Plaintiff specifically testified that he felt he was retaliated against because of his union activity, and not for any other reason. (Williams, pp. 100-101,

110-111). There is no state cause of action for retaliation based upon union activity for employees covered by the federal National Labor Relations Act. Rather, such an allegation is a specific violation of the National Labor Relations Act, 29 U.S.C. § 158(A)(3). Accordingly, under the well-pleaded complaint rule, Plaintiff has presented a federal question. Plaintiff's argument that this Court does not have jurisdiction, and that his claim should be remanded to state court, is unintelligible and simply incorrect.

For the reasons discussed in Comcast's December 10, 2003 Memorandum, Count Three should be dismissed.

    C.    <u>The Court Has Jurisdiction Over Related State Law Claims.</u>

With respect to the two state common law claims of emotional distress, this Court either has original or supplemental jurisdiction. The law with respect to these claims is well established. (<u>See</u> Comcast's December 10, 2003 Memorandum of Law). In his memorandum to this Court, Plaintiff has not presented any argument or evidence to save Counts 5 or 6 of his Complaint. Therefore, judgment should be entered in Comcast's favor on both counts.

Plaintiff's claims for negligent and intentional infliction of emotional distress relate directly to Comcast's alleged duties under the Collective Bargaining Agreement. Therefore, as with Counts 1, 2, 4 and 7, to determine the merits of Counts 5 and 6 this Court must

interpret the Collective Bargaining Agreement. As such, this Court has original jurisdiction under § 301 of the Labor Management Relations Act.

Even if this Court found that it did not have original jurisdiction, it has supplemental jurisdiction under 28 U.S.C. § 1367 because Plaintiff's claims for infliction of emotional distress are closely related to Plaintiff's other claims over which this Court does have original jurisdiction so as to be part of the same case or controversy.

For the reasons discussed in Comcast's December 10, 2003 Memorandum, judgment should be entered in its favor on Counts 5 and 6 and the Court should dismiss them as there is no evidence to support either.

## CONCLUSION

For the reasons discussed herein and in Comcast's Memorandum of Law in Support of Its Motion for Summary Judgment, dated December 10, 2003, summary judgment should be entered on all counts in favor of Comcast.

DEFENDANTS – COMCAST CABLEVISION OF NEW HAVEN, INC.

By _____
   Michael C. Harrington - ct17140
   mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Fax: (860) 240-6150
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Response to Plaintiff's Objection to Motion for Summary Judgment was mailed, via first class U.S. Mail, on this 5th day of April, 2004 to:

Alexander Bardocz, Esq.
Fine, Olin & Anderman, P.C.
336 State Street
North Haven, CT  06473

_____
Michael C. Harrington

716526