UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JOHNNY WILLIAMS, JR., :
:
    Plaintiff, : CIVIL ACTION NO.
: 3:02-CV2043 (MRK)
v. :
:
COMCAST CABLEVISION :
OF NEW HAVEN, INC., :
:
    Defendant. : APRIL 9, 2004

DEFENDANT COMCAST CABLEVISION
NEW HAVEN, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S OBJECTION MOTION TO REMAND

Pursuant to Local Rule of Civil Procedure 7(d), Defendant Comcast Cablevision of New Haven, Inc. ("Comcast") hereby objects to Plaintiff Johnny Williams, Jr.'s ("Williams") Motion to Remand. As discussed herein, this Court has original jurisdiction over each of Plaintiff's claims. Accordingly, this case was properly removed pursuant to 28 U.S.C. § 1441 et seq. and this Court should fully decide Comcast's pending Motion for Summary Judgment.

I.    This Court Has Original Jurisdiction Over All of the Counts of Plaintiff's Complaint.

Despite the allegations in his Complaint, and despite his deposition testimony, Plaintiff now argues that none of his claims raise federal questions and that this Court is

without subject matter jurisdiction. This argument is baseless and should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.[1]

    A.    Section 301 of the Labor Management Relations Act Provides This Court With Original Jurisdiction.

Federal district courts have original jurisdiction over civil actions arising under federal law. U.S. Const. Art III, § 2; 28 U.S.C. § 1331. Any civil action brought in state court, over which the federal district courts have original jurisdiction, may be removed by the defendant to federal court. 28 U.S.C. §1441. Under the well-pleaded complaint rule, whether a court has federal question jurisdiction is determined by the allegations made in the plaintiff's properly pleaded complaint. Caterpillar v. Williams, 482 U.S. 386, 392 (1987). As the court in Beacon Moving & Storage, Inc. v. Local 814, International Brotherhood of Teamsters, 362 F. Supp. 442, 445 (1972), a case Plaintiff cites in this court, observed: "Of course removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff."

---

[1] Plaintiff previously sued Comcast Cable Communications, Inc., which is a foreign corporation. (Prior Complaint attached hereto at Tab A). Although Plaintiff served that complaint upon the defendant, he never returned it to Superior Court. Thereafter, Plaintiff filed this action. Defendant's counsel mistakenly believed that Plaintiff had sued the same corporate defendant. After the Notice of Removal had been filed, Plaintiff's counsel and Defendant's counsel spoke about Defendant's counsel misunderstanding regarding the corporate entity. Although diversity jurisdiction does not exist, as discussed in this memorandum, this Court has original jurisdiction based upon the federal questions raised in Plaintiff's Complaint.

2

In this case, Plaintiff's own allegations, as set forth in the Complaint, give rise to federal questions. Plaintiff alleges that, as a member of the Union, he and Comcast were "bound by the policies contained in [a Collective Bargaining] Agreement." (Complaint, ¶¶ 6, 15, 18). Plaintiff alleges that the Union was "the exclusive representative for purposes of collective bargaining with respect to rates of pay, hours of employment and other conditions of employment for [Comcast] employees" and that the [Collective Bargaining] Agreement formed an "express contract." (Complaint, ¶¶ 18, 20). Indeed, with respect to bargaining unit employees, which included Plaintiff, the Collective Bargaining Agreement governed the terms and conditions of their employment exclusively:

> [T]his instrument contains the full and complete Agreement between the Company and the Union on all bargainable issues, and neither party shall be required during the term of this Agreement to negotiate or bargain upon any issue whether it is covered or not covered in this Agreement. There are no other such agreements written or unwritten between the parties.

(Collective Bargaining Agreement, Art. 45, attached hereto at <u>Tab B</u>).

In Count One, Plaintiff claims that Comcast expressly breached the Collective Bargaining Agreement. (Complaint, ¶¶ 21, 22, 23, 24, 42). Plaintiff also alleged that Comcast expressly breached provisions of the Employee Manual, which was incorporated by reference in the Collective Bargaining Agreement, as it explained in greater detail certain terms and conditions of employment for bargaining unit employees that were agreed to in the Collective Bargaining Agreement. (Complaint, ¶¶ 25, 28, 29, 42). Among other benefits, the Collective Bargaining Agreement provided for short term disability benefits,

which was further detailed in the Employee Manual. (Collective Bargaining Agreement, Art. 29, attached hereto at Tab B).

In his memorandum in support of his Motion to Remand, Plaintiff asserts that the Collective Bargaining Agreement "is not the subject of dispute . . . ." (Plaintiff's Memorandum, p. 6). However, based upon specific provisions of the Collective Bargaining Agreement in his Complaint, Plaintiff alleges breach of express contract (Count One), breach of an implied contract (Count Two), negligent misrepresentation (Count Four), negligent infliction of emotional distress (Court Five), intentional infliction of emotional distress (Count Six), and breach of the implied covenant of good faith and fair dealing (Count Seven). Therefore, Counts 1, 2, 4, 5, 6 and 7 all relate to Plaintiff's Collective Bargaining Agreement, and require this Court to interpret the Collective Bargaining Agreement to determine the merits of his claims.

Section 301 of the Labor Management Relations Act expressly grants the federal District Courts jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees . . ." 29 U.S.C. § 185(a). As interpreted by the Supreme Court, "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on an analysis of a collective bargaining agreement." (internal citations and quotation marks omitted). Caterpillar, Inc., 482 U.S. at 395. Therefore, because Counts 1, 2, 4 and 7 each depend

4

upon an analysis of the Collective Bargaining Agreement, § 301 applies and provides this Court with original jurisdiction.

In his memorandum, Plaintiff relies upon Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985) and Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987) to claim the Court does not have jurisdiction. However, neither of these cases supports the Plaintiff's argument.

At issue in Allis-Chalmers was Wisconsin's common-law tort for the bad-faith handling of an insurance claim, which had been applied to the handling of a claim under a disability plan that was included in a collective bargaining agreement. The Supreme Court held that the state tort claim was preempted by § 301 of the Labor Management Relations Act. In reaching its decision, the Court held:

> If the policies that animate § 301 are to be given their proper range, however, the pre-emptive effect of § 301 must extend beyond suits alleging contract violations. . . . Thus, questions related to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of the agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortuous breach of contract.

Id. at 211. The Court went on to hold that the duty to act in good faith under a contract ultimately depends upon the terms of the collective bargaining agreement and was thus inextricably intertwined with the interpretation of the agreement, which must be left to federal law. Id. at 216.

5

Two years later, the Supreme Court again addressed the scope of § 301. In Caterpillar, two supervisors, who were initially outside of the union bargaining unit and not subject to a collective bargaining agreement, were allegedly promised by Caterpillar that "they could look forward to indefinite and lasting employment with the corporation and that they could count on the corporation to take care of them." Id. at 388. Later, the supervisors were demoted from managerial positions to positions in the bargaining unit. Id. at 389. The plaintiffs alleged that at the time they were demoted the company told them that the downgrades were temporary. Id. After being dismissed, the plaintiffs sued in state court alleging breach of individual employment contracts. Id. The Company then removed the action to federal court.

In addressing whether the case was properly removed, the Supreme Court discussed the complete pre-emption corollary to the well-pleaded complaint rule, and stated:

> On occasion . . . the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

Id. at 393. (*Internal citations omitted*). The Court went on to state:

> The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the [Labor Management Relations Act]. . . . when the heart of the state law complaint is a clause in the collective barraging agreement that complaint arises under federal law.

Id. at 393-94. (*Internal citations omitted*). In Caterpillar, because the contract upon which the plaintiffs' claims rested was not a collective bargaining agreement, their state law common-law contract claims were not pre-empted, and removal was not proper. Id. at 396-397, 399.

Similar to the facts in Allis-Chalmers, and in contrast to the facts in Caterpillar, Plaintiff's claims in this case for breach of express contract, breach of implied contract, negligent misrepresentation, negligent and intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing all require interpretation of the Collective Bargaining Agreement. Consequently, Plaintiff's claims arise under federal law and provide this Court with jurisdiction.

In an attempt to avoid a federal question, for the first time, without any evidentiary support, Plaintiff alleges that he had an "individual employment contract" with Comcast. (Plaintiff's Memorandum, p. 5). Such an assertion is directly contradicted by the allegations in Plaintiff's complaint and by the evidence in the case. Moreover, Plaintiff never testified regarding such a contract at his deposition. Accordingly, his assertion now is completely baseless. Despite Plaintiff's claim, the evidence demonstrates that Plaintiff's employment was exclusively governed by the Collective Bargaining Agreement. Because Plaintiff's argument ignores his own allegations, and because the very cases he cites to this Court do not support his argument, sanctions should be issued.

B.  The National Labor Relations Act Provides This Court With Jurisdiction.

Count Three of Plaintiff's Complaint alleges a claim of "retaliation." Although he makes reference to the Connecticut Fair Employment Practices Act, Plaintiff did not engage in any protected activity within the scope of Connecticut's Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 et seq. Rather, in Paragraph 39 of the Complaint Plaintiff alleges that he was discharged "because of his Union activity." Furthermore, at his deposition Plaintiff specifically testified that he felt he was retaliated against because of his union activity, and not for any other reason. (Williams, pp. 100-101, 110-111)[2]. There is no state cause of action for retaliation based upon union activity for employees covered by the federal National Labor Relations Act. Rather, such an allegation is a specific violation of the National Labor Relations Act, 29 U.S.C. § 158(A)(3). Accordingly, under the well-pleaded complaint rule, regardless of how he has characterized his claim, Plaintiff has presented a federal question. Plaintiff's argument that this Court does not have jurisdiction, and that his claim should be remanded to state court, is unintelligible and simply incorrect.

C.  The Court Has Jurisdiction Over State Emotional Distress Claims.

With respect to the Plaintiff's state common law claims of emotional distress, this Court either has original or supplemental jurisdiction.

---

[2]  Relevant portions of Plaintiff's Deposition transcript are attached at Tab C.

Plaintiff's claims for negligent and intentional infliction of emotional distress relate directly to Comcast's alleged duties under the Collective Bargaining Agreement. Plaintiff specifically alleges that Comcast's alleged breach of contract caused him emotional distress. (Complaint, Count 5, ¶ 45, and Count 6, ¶ 46). Therefore, as with Counts 1, 2, 4 and 7, to determine the merits of Counts 5 and 6 this Court must interpret the Collective Bargaining Agreement. As such, this Court has original jurisdiction under § 301 of the Labor Management Relations Act over Counts 5 and 6 of the Complaint.

Even if this Court found that it does not have original jurisdiction over those Counts, it has supplemental jurisdiction over them under 28 U.S.C. § 1367. Federal law provides that unless one of the enumerated exceptions applies,[3]

> [i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367; Itar-Tass Russian News Agency v. RussianKurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998)("shall" mean that federal courts must accept jurisdiction). In this case, Plaintiff's claims of infliction of emotional distress relate to Comcast's alleged obligations under the Collective Bargaining Agreement. Accordingly, these claims are closely related

---

[3]     Even if one of the exceptions applies, the Court need not decline jurisdiction. Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994).

to the other claims over which this Court does have original jurisdiction so as to be part of the same case or controversy. Furthermore, none of the exceptions to supplemental jurisdiction apply. In particular, the law with respect to these claims is well established and do not raise any novel issues. (See Comcast's December 10, 2003 Memorandum of Law in Support of its Motion for Summary Judgment). Therefore, to the extent this Court determines that it does not have original jurisdiction over Plaintiff's infliction of emotional distress claims, it has supplemental jurisdiction.

## CONCLUSION

For the reasons discussed herein, this Court should deny Plaintiff's Motion to Remand and fully decide Comcast's Motion for Summary Judgment.

DEFENDANTS – COMCAST CABLEVISION OF NEW HAVEN, INC.

By _____
Michael C. Harrington – ct17140
mharrington@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Fax: (860) 240-6150
Its Attorneys